UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMED BAJRAMOVIC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23-CV-01452 RHH ) |
| QUIKTRIP CORPORATION d/b/a QUIKTRIP STORE # 674, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend out of Time or, in the Alternative, to Dismiss without Prejudice, and Motion for Remand, both filed September 18, 2024. (ECF Nos. 31, 32).[1] Plaintiff seeks to add an additional defendant, Zachary Harris, whom Plaintiff claims was the store manager whose negligence contributed to his injury. The additional defendant resides in Missouri, and, as such, his joinder would destroy diversity jurisdiction. Defendant QuikTrip Corporation d/b/a QuikTrip Store #674 ("QuikTrip") opposes the amendment on the grounds that its sole purpose is to avoid diversity jurisdiction. (ECF No. 34). For the reasons set forth below, Plaintiff's motions will be denied.

## BACKGROUND

This case arises out of an incident that occurred on or about November 28, 2021 at a QuikTrip convenience store located at 4435 Telegraph Road, St. Louis, Missouri. (Petition

---

[1] Plaintiff filed a First Amended Motion for Leave to Amend out of Time on November 25, 2024. (ECF No. 37). The motion is substantively identical to the original; it merely adds Mr. Harris' citizenship. The Court will address the original motion, as it was fully briefed and filed the same day as the motion to remand.

1

(hereinafter "Complaint" or "Compl."), ¶¶ 3, 7). Plaintiff alleges that while he was a patron, customer and business invitee, he slipped and fell on a gray, silt-like substance in the parking lot of the QuikTrip Store. (*Id.*, ¶ 7). Plaintiff claims that Defendant knew or should have known of the unsafe condition, but failed to properly clean the area, and failed to warn of the danger. (*Id.*, ¶¶ 10, 13). Plaintiff alleges that as a result of the fall, he sustained injuries to his right shoulder, left elbow, low back and right knee. (*Id.*, ¶ 14). Plaintiff further claims he incurred medical and other healthcare related expenses. (*Id.*, ¶ 15).

In his Complaint, filed October 3, 2023 in the Circuit Court of St. Louis County, Missouri, Plaintiff asserts one claim for negligence against QuikTrip as the sole Defendant. (ECF No. 6). On November 15, 2023, QuikTrip timely removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1).[2]

On February 27, 2024, Plaintiff served his first Interrogatories and Requests for Production upon Defendant. (ECF No. 31, P. 1). In the discovery requests, Plaintiff asked several questions regarding who was responsible for maintaining the parking lot, and the source or generation of the silt-like substance. (*Id.*). He further requested additional surveillance video for the night prior to Plaintiff's fall, and the identities of the employees working at the time Plaintiff was injured. (*Id.*). Plaintiff had previously agreed to accept the materials under a Protective Order proposed by Defendant, which was entered by the Court on February 12, 2024. (*Id.*, PP. 1-2; *see also* ECF No. 21).

---

[2] Plaintiff is a citizen of the State of Missouri, and QuikTrip is a corporation organized under the laws of the State of Oklahoma, with its principal place of business in the State of Oklahoma. (*See* Compl., ¶¶ 1, 2; Notice of Removal, ¶¶ 2, 3). Furthermore, the amount in controversy exceeds $75,000.

2

On April 12, 2024, Defendant provided its responses to Plaintiff's discovery requests. (ECF No. 31, P. 2). Defendant did not provide the requested names of employees with its responses, but agreed to provide the names subject to the protective order. (*Id.*). Defendant did provide surveillance video of the premises from the night before the incident, November 27, 2021, which revealed a QuikTrip employee power-washing the parking lot where Plaintiff later suffered his injuries. (*Id.*).

On April 25, 2024, Plaintiff inquired via email as to the identity of the QuikTrip employee power-washing outside the store. (ECF No. 31, P. 2). On August 15, 2024, QuikTrip provided the names of the employees working on the date of the incident. (*Id.*). However, QuikTrip did not specify which employee was the manager on duty, nor did it indicate which employee was the individual seen power-washing the parking lot the night before the incident. (ECF No. 36, P. 4).

On August 21, 2024, Plaintiff took the deposition of QuikTrip's Corporate Representative, Haley Humphres. (ECF No. 31, P. 2). Ms. Humphres confirmed that a QuikTrip employee utilized a concrete cleaner called ReKrete in the parking spot where Plaintiff eventually fell, and that the ReKrete came into contact with water while the employee power-washed, creating some sort of mud-like substance. (*Id.*, PP. 2-3). Ms. Humphres still could not confirm the name of the employee, however. (*Id.*, P. 3).

On September 12, 2024, counsel for Defendant confirmed via email that Zachary Harris, the night manager on duty the night before Plaintiff's fall, was the power-washer. (ECF No. 36, P. 5). As noted above, Plaintiff filed the instant Motion for Leave to Amend his Complaint on September 18, 2024, seeking leave to include a claim for negligence against Mr. Harris. (ECF No. 31). Plaintiff filed a Motion for Remand that same day, recognizing that should the Court permit

3

leave to amend, it would lose jurisdiction as complete diversity among the parties would no longer exist. (ECF No. 32).

Plaintiff argues that under Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend should be freely granted where justice so requires. (ECF No. 31, P. 4). Plaintiff maintains leave should be granted here, as there has been no undue delay, bad faith, or failure to cure deficiencies previously identified. (*Id.*). Furthermore, Plaintiff argues that joining Harris would not unduly prejudice the non-moving party. (*Id.*).

QuikTrip responds that leave to amend should not be granted, because Plaintiff's only purpose in adding Harris is to avoid federal jurisdiction. (ECF No. 34). QuikTrip further maintains Harris is not a necessary or indispensable party pursuant to Rule 19, because Plaintiff can obtain complete relief from QuikTrip alone as Harris' employer. (*Id.*). Finally, QuikTrip argues that the *Bailey*[3] factors—purpose of joinder, dilatory motive, and prejudice to Plaintiff if joinder is not allowed—weigh against the joinder of Harris. (*Id.*).

## DISCUSSION

As discussed above, this case was originally filed in state court. Under 28 U.S.C. §1441(a), generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The district court has original jurisdiction over state law claims where there is "an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). "Complete diversity of citizenship exists where no defendant holds citizenship in the

---

[3] *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302 (8th Cir. 2009).

4

same state where any plaintiff holds citizenship." *Id.* (citation omitted).  As the parties appear to agree, removal of this case was proper because at the time of removal, the amount in controversy was greater than $75,000 and there was complete diversity between Plaintiff and QuikTrip.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "a party may amend its pleading only with the opposing party's written consent or the court's leave", and advises that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  When an action is removed from state court to federal court, and "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

If the potential defendant is determined to be a necessary and indispensable party under Rule 19, "the district court must either permit joinder and grant remand under §1447(e), or dismiss the action pursuant to Rule 19(b)." *Bailey,* 563 F.3d at 308.  "Only when the potential defendant is deemed dispensable may the district court deny joinder and retain jurisdiction over the action." *Id.*[4]

"Permission to amend may be withheld if the plaintiff ... is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party." *Bailey*, 563 F.3d at 307 (internal quotation marks and citations omitted).  "When faced with an amended pleading naming a new nondiverse defendant in a removed case, the district court 'should scrutinize that amendment more closely than an ordinary amendment.'" *Gregory v. QuikTrip Corp.*, No. 4:23-CV-96 AGF, 2023 WL 3019628, at *3 (E.D. Mo. Apr. 20, 2023) (quoting *Bailey*, 563 F.3d at 309).  "In this situation, justice requires that the district court consider a number of

---

[4] Plaintiff here does not argue that Harris is a necessary or indispensable party.  "In any case, the Court does not find that any of the indispensable party factors mandate joinder[.]" *Shelton v. Akins*, No. 4:20-CV-198 HEA, 2020 WL 3605555, at *2 (E.D. Mo. Jul. 2, 2020).

factors to balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits." *Id.* (internal quotation marks and citation omitted). The guiding factors prescribed by the *Bailey* court are: (1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, and (3) whether the plaintiff will be significantly injured if amendment is not allowed. *Bailey*, 563 F.3d at 309 (citations omitted).

Considering these factors, the Court concludes that Plaintiff should not be allowed to join Mr. Harris as a co-defendant. With respect to the first *Bailey* factor, the circumstances of the case strongly indicate Plaintiff's motive in joining Mr. Harris is solely to defeat federal diversity jurisdiction. Months before filing this motion, Plaintiff obtained surveillance footage showing a store employee, who was later identified as Mr. Harris, power-washing the QuikTrip parking lot the night before the incident. Plaintiff argues that he was unable to join Mr. Harris earlier due to Defendant's delay in providing his identity. This argument is unpersuasive. Upon obtaining the surveillance footage, Plaintiff could have sought to amend the complaint to include a "John Doe" defendant, while continuing to investigate Mr. Harris's identity. The failure to take this straightforward and available step undermines Plaintiff's explanation for the timing of his motion. Given these facts, and in the absence of any plausible justification for the proposed joinder, the Court finds that the purpose of the amendment is to defeat federal jurisdiction.

"Courts have also considered the timing of a plaintiff's motion for leave to amend with respect to removal." *Gregory*, 2023 WL 3019628, at *4. Here, on the day Plaintiff filed his motion to amend his Complaint, he also filed a motion to remand the case to state court, based on lack of complete diversity. The timing and sequence of Plaintiff's actions and the reasonable inferences drawn therefrom suggest that Plaintiff seeks joinder merely to defeat the Court's jurisdiction. *Id.,*

6

at *3 (citing *Klotz v. Lowe's Home Ctrs., LLC*, No. 4:17-CV-282 CEJ, 2017 WL 1426022, at *2 (E.D. Mo. Apr. 21, 2017) ("[O]n the day [plaintiff] filed the amended complaint, plaintiff filed a motion to remand the case to state court, based on lack of complete diversity.  The timing and sequence of plaintiff's actions and reasonable inferences therefrom suggest that plaintiff seeks joinder merely to defeat the Court's jurisdiction.")).  Thus, the first *Bailey* factor weighs heavily against Plaintiff.

The second *Bailey* factor also weighs against permitting joinder, as Plaintiff was undeniably dilatory in seeking to add Mr. Harris as a party.  As noted above, Plaintiff obtained surveillance footage numerous months ago that clearly showed a QuikTrip employee power-washing the parking lot before the incident.  Despite this knowledge, Plaintiff waited until after the close of discovery to seek joinder.  If Plaintiff believed the employee's identity was critical to the case, he could have taken timely steps to address this issue, such as filing a motion to compel discovery of the employee's name and position.[5]  Instead, Plaintiff allowed months to elapse without pursuing any available procedural remedies.  This inaction does not demonstrate an inability to proceed, but rather a lack of diligence in addressing known evidence and potential claims.  *See, e.g.*, *Lindsey v. Dow Chem. Co.*, No. 4:21-CV-374 CDP, 2021 WL 4940934, at *6 n. 5 (E.D. Mo. Oct. 22, 2021) (finding that plaintiff was dilatory in waiting nearly six months to attempt to join a nondiverse defendant where the defendant's identity was known or readily discoverable).

---

[5] Such a motion would have been particularly appropriate here, in light of Plaintiff's contention that after counsel for Defendant failed to meet his self-imposed deadline to provide the employees' names, counsel for Plaintiff requested the information an additional seven times over a period of three months.  (*See* ECF No. 36, P. 3).

7

Finally, the Court finds that Plaintiff would not be prejudiced if joinder is not permitted, as Plaintiff can obtain complete relief for his injuries from QuikTrip alone. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) (citations omitted). Courts addressing circumstances similar to those here have found no significant injury from disallowing joinder. *See, e.g., Gregory*, 2023 WL 3019628, at *4; *Starks v. Standard Fire Ins. Co.*, No. 4:22-CV-752 SEP, 2022 WL 17177336, at *2 (E.D. Mo. Nov. 23, 2022) (citation omitted) ("[T]he mere fact that Starks might have to litigate more than one lawsuit, without more, does not establish significant injury, and the final *Bailey* factor does not weigh in favor of permitting joinder"). Here, Plaintiff's claims arise directly from the actions of QuikTrip's personnel in the course of their employment, and any judgment against QuikTrip would fully address those claims. Accordingly, the final *Bailey* factor weighs against permitting joinder.[6]

For the foregoing reasons, the Court denies Plaintiff's Motion for Leave to Amend out of Time.[7]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend out of Time or, in the Alternative, to Dismiss without Prejudice (ECF No. 31) is **DENIED**.

---

[6] Plaintiff relies heavily on *Fijabi v. QuikTrip Corp.*, No. 4:23-CV-560 HEA, 2024 WL 578448 (E.D. Mo. Feb. 13, 2024), to support his motion for leave to amend. The Court finds *Fijabi* is distinguishable, however, as Plaintiff there sought leave to amend less than three months after removal. *Id.* at *1. In contrast, Plaintiff here sought leave after the close of discovery, and mere months prior to the date set for trial.

[7] After careful consideration of the parties' submissions, the Court denies Plaintiff's Motion to Dismiss without Prejudice as well.

8

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Motion for Leave to Amend out of Time or, in the Alternative, to Dismiss without Prejudice (ECF No. 37) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand (ECF No. 32) is **DENIED**.

Dated this 18th day of December, 2024.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE